# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| FOSTER POULTRY FARMS, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 17-0483-WS-B |
| | ) |
| THE WATER WORKS & SEWER BOARD | ) |
| OF THE CITY OF DEMOPOLIS, | ) |
| | ) |
| Defendant. | ) |

## ORDER

This matter comes before the Court on "Plaintiff's Motion to Exclude Any Opinion Testimony of Defendant's Designated Expert Scott Trott" (doc. 66). The Motion has been briefed and is now ripe.

On August 30, 2018, defendant, Water Works & Sewer Board of the City of Demopolis, timely furnished plaintiff, Foster Poultry Farms, Inc., with its Expert Witness Disclosures. In that document, the Water Board designated Scott Trott as a retained expert whom it intended to call at trial. (Doc. 38.) Those Disclosures reflected that Trott "is an expert in water distribution systems, civil design and studies and related matters," and specified that he "is expected to offer testimony of and concerning the issues set forth in Plaintiff's complaint and whether the issues at Foster Farms' plant were caused by the" Water Board. (*Id.*) Defendant supplied Foster Farms with a copy of Trott's report at that time.

In its Motion to Exclude, Foster Farms seeks an order excluding Trott from offering any opinion testimony for the Water Board at trial. As grounds for this request, Foster Farms maintains that Trott's written report runs afoul of Rule 26(a)(2) in two respects. First, plaintiff relies on the requirement that an expert report contain "a complete statement of all opinions the witness will express." Rule 26(a)(2)(B)(i). Foster Farms' position is that the Trott report fails to comply with this rule because "it is completely bereft of any expert 'opinions'" and "there are no opinions whatsoever" set forth therein. (Doc. 66, at 1, 3.) The Water Board's response is that Foster Farms' characterization of the Trott report as lacking any opinions is "incorrect," and that

"to the extent such opinions are not addressed in Scott Trott's report, Defendant does not intend to offer any such opinions through this witness." (Doc. 72, at 2-3.) In other words, the Water Board says that the Trott report does include the requisite opinions, and disclaims any intent to elicit opinions or analysis from Trott at trial that are not set forth in the report.

A fair reading of the Trott report reveals that it contains numerous opinions, as well as the underlying analysis and factual predicate to accompany same. An illustrative, non-exhaustive list of examples of opinions articulated in this document would include the following: (i) water service issues to the Foster Farms plant under the previous configuration of the Water Board's distribution system were "in line with those associated with aging infrastructure and include line breaks;" (ii) the Water Board's distribution system improvements "provide the ability of a redundant water supply to the Facility;" (iii) during the time of the Foster Farms plant's temporary connection to the Tosco Road Tank, "[d]ue to the pipeline length and associated hydraulic losses, the flow quantity provided to the Facility by the Tosco Road Tank would be anticipated to be less than that provided by the adjacent Industrial Park Tank;" (iv) based on Trott's analysis of hydrant data, ADEM's "residual requirement is being met" as to the Foster Farms plant; (v) the observed line breaks that have caused water service interruptions within the last 12 months "can be commonplace within linear utility assets;" (vi) the Water Board has taken steps "to minimize the negative impacts of any interruptions;" (vii) the Water Board's wastewater treatment plant "has faced difficulty with the buildup of FOG [Fats, Oils and Grease] within the headworks," requiring use of "mobile pumping equipment to remove collected material from the treatment plant as not to cause a backup or overflow situation;" (viii) the Water Board "is required to develop standards to prevent the discharge of pollutant loads that pass through or interfere with the operation of the treatment works," and "a blockage of any material from the waste stream would be considered interference;" and (ix) the Water Board's "reduced surcharge limitation for oil and grease was the result of this commitment made by the [Water Board] to ADEM to remedy" issues with oil and grease within the conveyance system. (Doc. 66-1, at 3-8.) All of these statements are reasonably viewed as expert opinions being offered by Trott, supported by his education, experience, analysis and observations as a professional engineer.

In light of the foregoing, the Court does not adopt plaintiff's characterization that the Trott report has "no opinions whatsoever" and that "we do not know what [Trott's] opinions are,

or may be, because he has not disclosed them" (doc. 73, at 9). Review of Foster Farms' reply suggests that the Motion is animated not by a concern that the Trott report is devoid of opinions, but rather that it does not include the "complete statement of all opinions" mandated by Rule 26(a)(2)(B)(i). That is to say, Foster Farms appears to have filed its Motion as a preemptive strike to prevent the Water Board from eliciting any <u>undisclosed</u> opinions from Trott during the trial. The trouble is that the Court has no indication that the Water Board actually intends to have Trott testify to opinions not stated in his expert report. The Water Board disclaims any such intent; therefore, absent some showing (which has not been made) that defendant plans to have Trott's opinion testimony at trial exceed the scope of the opinions disclosed in his Rule 26(a)(2) report, plaintiff's Motion to Exclude is speculative and is properly denied at this time.[1] In so concluding, the Court finds it unnecessary to resolve the parties' disputes in their briefs concerning Trott's status as a "hybrid" fact/expert witness.[2]

---

[1] In its Reply, Foster Farms makes much of the Water Board's characterization of two of Trott's opinions set forth in his report. Specifically, plaintiff highlights defendant's statements in its brief that (i) "Trott explains that the issues associated with the problems in the lines, including breaks, were in line with aging infrastructure, **not due to active negligence of the Board**;" and (ii) "Trott opines that the documented service interruptions can be commonplace and opines that **the Board acted reasonably to provide service to its customers and to minimize disruption**." (Doc. 72, at 3 (emphasis added); doc. 73, at 3.) Foster Farms is correct that Trott's report contains no specific opinions ruling out "active negligence" of the Water Board as a cause of the line breaks, or assessing the reasonableness of the Water Board's actions to minimize disruption of service interruptions. Plaintiff extrapolates from these statements that "[w]e may surmise" the Water Board's intent to have Trott testify about "things like 'negligence' and compliance with the 'standard of care.'" (Doc. 73, at 9-10.) However, the Court is not so sanguine. Simply put, one cannot reasonably discern from defendant's brief whether the Water Board intends to have Trott testify to those particular items in those particular ways at trial, or whether defense counsel was simply using imprecise wording. These remarks in the Water Board's brief are too slender a reed to support a conclusion that defendant plans to have Trott testify to previously undisclosed opinions during the trial, particularly where elsewhere in its brief the Water Board has disclaimed any such intention.

[2] Both sides agree that Trott is eligible to testify as a fact witness on matters in which he personally participated, such as his observations and recommendations of actions of the Board. (Doc. 72, at 7-8; doc. 73, at 10 ("Foster Farms does not object to Trott testifying factually as to the things he may have done or his observations of the events in which he may personally [have] been involved.").) Nonetheless, Foster Farms balks that the Water Board is attempting to use Trott's "hybrid" status as a basis for excusing him from compliance with the disclosure requirements of Rule 26(a)(2). (Doc. 73, at 6.) In fact, the Water Board does not seek to exempt Trott from the disclosure requirement, but instead posits that as to all expert testimony
(Continued)

-3-

The second aspect of the Trott report that Foster Farms contends is in violation of Rule 26(a)(2) is the fact that the report is unsigned. True enough, the rule provides that an expert disclosure "must be accompanied by a written report – prepared and *signed by the witness* – if the witness is retained or specially employed to provide expert testimony in the case." Rule 26(a)(2)(B) (emphasis added). The Trott report is unsigned, in derogation of that technical requirement. Under the circumstances presented here, such an omission is not a valid basis for barring Trott from testifying at trial. After all, the sanction of excluding a witness for noncompliance with Rule 26(a) is not available if the omission in question "was substantially justified or is harmless." Rule 37(c)(1), Fed.R.Civ.P. The Court readily concludes that the mere fact the Trott report is unsigned is a harmless error, provided that the Water Board promptly remedies it by providing Foster Farms with a signed copy of same.

For all of the foregoing reasons, Plaintiff's Motion to Exclude any Opinion Testimony of Defendant's Designated Expert Scott Trott (doc. 66) is **denied**, without prejudice to plaintiff's ability to renew the Motion at trial if defendant attempts to elicit undisclosed opinions from Trott that are not fairly set forth in his expert report dated August 30, 2018. To cure the technical defect in Trott's report, defendant is **ordered** to furnish a signed copy of that document to plaintiff by no later than **July 12, 2019**.

DONE and ORDERED this 1st day of July, 2019.

s/ WILLIAM H. STEELE  
UNITED STATES DISTRICT JUDGE

---

Trott will offer at trial, "the expert report and disclosures sufficiently detail the opinions, facts, and data underlying that testimony" to satisfy the rule. (Doc. 72, at 8.)